ELIZA L. THAYER & al. versus SAMUEL M'LELLAN.

The demandant in a writ of entry can recover only on the strength of his own title, and not by the failure of title in the tenant.

The owner of the premises will not become disseized thereof by a survey, allotment and conveyance thereof, and by recording the deed, without any open occupation or improvement of any part of the estate purporting to be conveyed by the deed.

THE facts in this case are stated in the opinion of the Court.

*Adams* argued for the demandants. In support of the position, that a conveyance of one half of the lane created a tenancy in common therein, he cited *Adams* v. *Frothingham*, 3 Mass. R. 352.

That the conveyance under which the tenant claims the lane, is void as to that part of it, being upon a contingency. *Welsh* v. *Foster*, 12 Mass. R. 93.

That nothing passed to the tenant by his deed, because his grantor was at that time disseized thereof. *Small* v. *Procter*, 15 Mass. R. 495; *Delesdernier* v. *Mowry*, 20 Maine R. 150; *French* v. *Rollins*, 21 Maine R. 372.

That the tenant is estopped to deny that there is such lane. *Parker* v. *Smith*, 17 Mass. R. 413.

The grantor of the tenant, and those claiming under him, are estopped from setting up any title to this land, by standing by and seeing it sold under Robinson's title, without giving any notice of claim thereto. *Hatch* v. *Kimball*, 16 Maine R. 146.

*W. P. Fessenden*, for the tenant, said that the demandants must show title in themselves, or they cannot prevail. This has not been done. The conveyances give them no title whatever. Nor do the facts show, that they had acquired title by disseizin. *Little* v. *Libby*, 2 Greenl. 242.

The opinion of the Court was drawn up by

SHEPLEY J.— This is a writ of entry brought to recover a lot of land in Portland, numbered five on a plan of the Robinson estate, made by Edward Russel. The tenant disclaims

all but a small strip of land hereafter noticed. The late Arthur Mc'Lellan appears to have been formerly the owner of a tract of land on the southwesterly side of Park then called Ann Street, and to have caused a part of it to be surveyed into four lots bounded northeasterly by the street, three rods each, and extending southwesterly eight and a half rods, and bounded on that end by a lane of the width of one rod. On the southeasterly side of the tract another lane of like width was extended from the street to the southwesterly line of the tract. That part of the tract not included in the four lots, or in the lanes, was situated southwesterly of the rear line of those lots, and was separated from them by the lane first mentioned, and was bounded northeasterly by it twelve rods, and southeasterly by the other lane three rods. This lot was numbered forty, and with the two most northerly lots adjoining Ann street, numbered twenty-nine and thirty, was conveyed on July 8, 1806, to Thomas Robinson, and described as follows. " Also lot number forty, bounded in front by a lane of one rod in width, which runs in the rear of the above named lots, on Ann street, and extending along the said lane twelve rods, and being in depth three rods." The most southerly of the four lots adjoining Ann street was conveyed to one Elkinson, from whom the tenant derives his title. It was described as follows. " Beginning at a stake standing on the southwesterly side of Ann street nine rods northwesterly from York street, thence running northwesterly adjoining Ann street three rods to a lot formerly owned by Nathaniel F. Fosdick, which he purchased of Arthur Mc'Lellan, thence southwesterly at right angles with Ann street adjoining said Fosdick lot eight rods and a half rod to a lane of one rod wide, thence southeasterly adjoining said lane three rods, thence northeasterly adjoining another lane of one rod wide eight rods and one half to the bounds first begun at, together with one half part of said lanes adjoining said lot, provided the lanes shall hereafter be discontinued." About ten years before this suit was commenced the tenant enclosed with his lot the northeasterly half of the lane in the rear of and adjoining it. In the year

1832, the estate of Robinson, including lots numbered twenty-nine, thirty and forty, was surveyed into lots by a different allotment, and the lots were numbered on a plan made by Edward Russel. The lane in the rear of the four lots adjoining Ann street was included as being a part of the estate of Robinson. The southeasterly part of lot numbered forty, and the lane between the same and the lot of the tenant, was designated on Russel's plan as lot number five, and by that description was sold to the ancestor of the demandants. They can recover only on the strength of their own, not on the failure of title in the tenant. And it may not be necessary to inquire, whether the tenant has or has not acquired any title. If the demandants have any title, it must have been acquired by the purchase of lot numbered five, or by disseizin. The half of the lane demanded is not the southwesterly half adjoining lot numbered forty, but the northeasterly half adjoining the lot of the tenant, and Robinson could not have acquired any title to that half by the conveyance of lot numbered forty as bounded on the lane. And when it was included as a part of the Robinson estate by the survey and plan of Russel, it did not constitute any part of that estate. It was included in the conveyances made to the ancestor of the demandants on June 21, 1832, but he would not thereby obtain any legal title to it. Nor does it appear, that the demandants, or those under whom they claim, have acquired any title by disseisin. There is no evidence of any attempt on their part to claim or to occupy it prior to the year 1832. The only acts named in the agreed statement, from which a disseisin could be inferred, are the survey, allotment, and conveyance of it, as a part of the Robinson estate. If the grantee, or his heirs or assignees, had entered upon any part of the land conveyed as lot numbered five, the title deeds having been recorded, and had continued openly to occupy and improve it, the owner of the premises would have been thereby disseised. But the agreed statement says " the residue of said lot number five, as described on Russel's plan, has never been taken open and visible possession of, but has laid open and unenclosed from

the time of its conveyance to demandants' ancestor to the present." The demandants fail therefore to exhibit any valid title either by disseisin or conveyance.

*Judgment as on a nonsuit.*